UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. WALSH, III, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE CHESTER HARHUT & NANCY BARRASSE, ESQ., <br><br> Defendants. | Civil Action No. 3:16-CV-1472 <br><br> (Judge Kosik) |

### MEMORANDUM

Before the court for disposition is a civil action filed by *pro se* Plaintiff, John R. Walsh, III. Upon review of the complaint (Doc. 1), we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

Plaintiff initiated this action by filing a complaint (Doc. 1) on July 19, 2016. Plaintiff seeks to recover damages in the amount of $10,000,000.00 against Defendants Judge Chester Harhut and Nancy Barrasse, Esq. While the body of his complaint falls short of the pleading requirements set forth in the Federal Rules of Civil Procedure, Plaintiff states that he seeks redress "for the illegal seizure of my children 4th Amendment right the illegal seizure of my children conspiracy neligence [*sic*] malpractice RICO." (Doc. 1).

The complaint is a four page diatribe against the Defendants, centering around their alleged conduct over a family custody issue between Plaintiff and his ex-wife. Plaintiff complains that Judge Harhut, Nancy Barrasse, Esq., and the family division of the Lackawanna County Court of Common Pleas is "one sick puppy, in need of serious intervention on the federal level...." (Doc. 1, ¶8).

This matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915(e)(2) to screen the complaint and dismiss the same if it fails to state a claim upon which relief can be granted.

## II. DISCUSSION

**A. Screening of *Pro Se In Forma Pauperis* Complaints - Standard of Review**

Pursuant to 28 U.S.C. § 1915, the court may review an *in forma pauperis* complaint prior to service and "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

28 U.S.C. § 1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6).

In determining the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has documented the evolving nature of pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. V. Twombly, 550 U.S. 644 (2007)* continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not

2

whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404

U.S. 519, 520-21 (1972).

**B. Walsh's Complaint Fails to State a Claim Upon Which Relief May be Granted**

Guided by the above legal principles, Walsh fails to state a claim which falls within the original jurisdiction of this Court. It is well-settled that federal courts are courts of limited jurisdiction. Subject matter jurisdiction may be predicated on either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. Under federal question jurisdiction, district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction provides jurisdiction to district courts "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

In this case, Plaintiff and defendants all appear to be residents of Pennsylvania. Moreover, it is noted that Plaintiff has indicated on the civil cover sheet that he alleges jurisdiction based upon federal question and not diversity jurisdiction. (Doc. 1). Therefore, as diversity jurisdiction is not met, Plaintiff must rely on federal question jurisdiction in order for this Court to entertain the current suit. Turning to the complaint, it is apparent that in its current form, it fails to state a viable claim under the Constitution and laws of the United States, justifying the exercise of federal question jurisdiction.

First, we address Plaintiff's claims for "Neligence Malpractice" [sic] under 38 U.S.C. § 7316 and "Conspiracy" under 18 U.S.C. § 371. While Plaintiff seeks relief for these two claims in his addendum clause, the body of the complaint is completely devoid of any factual assertions or legal claims that would support either of these actions. Moreover, neither claim is actionable by Plaintiff in the current suit. 38 U.S.C. § 7316, titled "Malpractice and negligence suits: defense by United States," provides a remedy "for damages for personal injury, including death, allegedly arising form malpractice or negligence of a health care employee of the Administration..." 38 U.S.C. § 7316. Section 7316(a)(2) goes on to define

the term "health care employee of the Administration"[1] to mean "a physician, dentist, podiatrist, chiropractor, optometrist, nurse, physician assistant, expanded-function dental auxiliary, pharmacist, or paramedical...." Clearly, Plaintiff is misguided in bringing a cause of action under 38 U.S.C. § 7316 as his complaint makes no allegations against the Administration, or "health care employees of the Administration."

Similarly, Plaintiff's attempt at lodging an action sounding in "conspiracy" under 18 U.S.C.§ 371 is misplaced. The purpose of 18 U.S.C.§ 371 is to "protect the government from impositions through conspiracy to cheat and defraud in respect of its rights and privileges, operations and functions, as well as in respect of its property." U.S. v. Gilboy, 160 F.Supp. 442, 454 (M.D.Pa. 1958). This section does not, however, give rise to a private cause of action nor does it allow an individual to use this statute as a predicate for an action under 42 U.S.C. § 1983. Dugar v. Coughlin, 613 F.Supp. 849 (S.D.N.Y. 1985). As such, Plaintiff cannot set forth a cause of action under this section.

Next, we address what appears to be his allegations that his Fourth Amendment right was violated by the "illegal seizure of [Plaintiff's] children" when Judge Harhut issued a one year no contact protection from abuse order against Plaintiff, gave Plaintiff's ex-wife full custody of his daughters, and allowed Plaintiff "liberal visitation rights." (Doc. 1, ¶¶ 4,7). It is well established that the principal statutory vehicle for bringing a federal constitutional civil rights claim is 42 U.S.C. § 1983. While this section does not by its own force create a new and independent legal right to damages, it serves as the vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994).

Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. "The two essential elements of a § 1983 action are:

---

[1] The Administration is the Department of Veterans Affairs. 38 U.S.C. § 7301.

(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of a federally protected right." Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 92 F.3d 122 (3d Cir. 1996); Parratt v. Taylor, 451 U.S. 527, 535 (1981).  Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. Boykin, 893 F.Supp. at 416.  To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors.  Am Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, the facts alleged by Walsh, even if liberally construed as an action brought under 42 U.S.C. § 1983, fail to set forth a cognizable claim against Defendant Barrasse, a private individual and the then, alleged private attorney of Plaintiff's ex-wife.  Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (the "under color of state law" requirement excludes from its reach "merely private conduct, no matter how discriminatory or wrongful").

As for Judge Harhut, even if construed as a state actor, the alleged conduct of Judge Harhut did not violate a separate, pre-existing, legal right guaranteed under the Constitution and laws of the United States.  To be sure, Plaintiff's allegations that his Fourth Amendment right was violated by the "illegal seizure of [Plaintiff's] children" when Judge Harhut issued a one year no contact protection from abuse order against Plaintiff, gave Plaintiff's ex-wife full custody of his daughters, and allowed Plaintiff "liberal visitation rights," is not one that belongs to Plaintiff.   Sutherland v. City of NY, 680 F.3d 127, 143. (2d Cir. 2011). Rather, it is a claim belonging only to the child.  Id.

In Sutherland, the Second Circuit Court provided that "[w]hen a child is taken into state custody, his or her person is 'seized' for Fourth Amendment purposes.  The child may therefore assert a claim under the Fourth Amendment...." Id.  The Court went on to state that

a "Fourth Amendment child-seizure claim belongs only to the child, not to the parent." Id. Graham v. District Attorney of Bucks County, Civ. Nos. 10-1130, 10-1131, 10-1132, 2015 WL 1229492, *12 (E.D.Pa. Aug. 18, 2014) (Parents "cannot assert an independent Fourth Amendment violation for the warrantless seizure of their children").

Here, there are no allegations that Plaintiff's children were taken into state custody. Rather, Plaintiff's ex-wife was allegedly given full custody of the children with Plaintiff maintaining visitation rights. (Doc. 1, ¶ 7). Moreover, as set forth above, Plaintiff cannot maintain an independent Fourth Amendment violation for the alleged "seizure" of his children.

Additionally, Plaintiff's claims versus Judge Harhut fail, as there are no legal bases supporting any of the claims. It is well settled that a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). "[S]o long as (1) the judge's actions are taken in his judicial capacity (determined by the nature of the acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them." Mikhail v. Kahn, 991 F. Supp. 2d 592, 660 (E.D.Pa. 2014) (citing Gallas v. Supreme Court of Pa., 211 F.3d 760, 768-69 (3d Cir. 2000)). "This immunity applies even when the judge is accused of acting maliciously and corruptly ...." Pierson v. Ray, 386 U.S. 547, 554 (1967).

Clear from the rancorous narration by Plaintiff in his Complaint, dismissal is appropriate, as Judge Harhut is entitled to absolute judicial immunity. The allegations attributed to Judge Harhut concern judicial acts taken by him in the exercise of his judicial powers over a family law action with Plaintiff was a party. Plaintiff's mere disagreement with the order does not divest Judge Harhut of his entitlement to immunity. Accordingly, Plaintiff's claim must also be dismissed as legally frivolous pursuant to 28 U.S.C. §

1915(e)92)(B)(i).

Finally, we address Plaintiff's RICO claim.  Again, just as every other alleged cause of action by Plaintiff, we are only able discern this cause of action, not from anywhere in the body of his complaint, but rather, merely from the civil cover sheet and request for relief where Plaintiff mentions the word RICO.  The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

Upon a strained review of the Complaint, Plaintiff simply fails to plead any factual content that would allow this Court to draw any reasonable inference that the Defendants are liable for a RICO violation.  Plaintiff does not even set forth threadbare recitals of the elements of a RICO cause of action.  Thus, this claim must also be dismissed for failure to state a claim since it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. CONCLUSION

For the foregoing reasons, we will Dismiss Plaintiff's complaint (Doc. 1).  An appropriate order follows.